IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DEL MONTE FRESH PRODUCE N.A., INC., dba DEL MONTE FRESH PRODUCE CO., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 07-1496-KI |
| vs. | ) ) | OPINION AND ORDER |
| H.J. HEINZ COMPANY, dba TRUESOUPS, | ) ) ) | |
| Defendant. | ) ) ) | |

Brad C. Stanford
Kimberley Hanks McGair
Farleigh Witt
121 SW Morrison Street, Suite 600
Portland, Oregon  97204-3136

     Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Daniel H. Skerritt
James K. Hein
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2099

        Attorneys for Defendant


KING, Judge:

Before the court is Plaintiff's Motion to Strike (#15).  I grant the motion for the following

reasons.

## DISCUSSION

Del Monte Fresh Produce N.A., Inc. ("Del Monte") contracted to provide perishable

agricultural commodities to defendant H.J. Heinz Company ("Heinz").  Del Monte claims it was

not fully paid and alleges claims for breach of contract and a statutory lien under the Perishable

Agricultural Commodities Act.

Heinz alleges counterclaims for breach of contract and breach of warranties.  In the First

Amended Answer, Heinz includes allegations concerning a raid by the United States Immigration

and Customs Enforcement at Del Monte's facility at the time of contract performance.  Heinz

claims that the underproduction of produce and delivery of contaminated produce by Del Monte

was attributable to the raid.  Heinz also alleges the affirmative defense of unclean hands, based

on information and belief that Del Monte used unlawful labor in attempting to perform its

contractual obligations.

Del Monte moves to strike Heinz's affirmative defense of unclean hands.  Del Monte's

claims are legal causes of action.  Consequently, the defense of unclean hands, an equitable

Page 2 - OPINION AND ORDER

doctrine, has no application.  Alston v. United States, Civ. A 02-1259, 2004 WL 764784, at *5

(D. Pa. Mar. 31, 2004).[1]  Heinz suggests that I substitute the legally analogous doctrine of in pari

delicto.  That doctrine, however, is applied when both parties are engaged together in the

wrongful conduct.  Feld and Sons, Inc. v. Pechner, Dorman, Wolffe, Rounick, and Cabot, 458

A.2d 545, 548 (Pa. Super Ct. 1983) (counsel and clients worked together to present perjured

testimony and to attempt to bribe witnesses in a hearing before the National Labor Relations

Board).  No one claims that Del Monte and Heinz engaged in wrongful conduct together.  The

doctrine of in pari delicto does not apply here, even if pleaded.  Accordingly, I will strike the

affirmative defense of unclean hands and decline to substitute the other defense.

Del Monte also moves to strike in Heinz' counterclaims several paragraphs which

describe the immigration raid.  Heinz argues that the raid is relevant because it shows that Del

Monte had fewer and less experienced employees and was thus unable to fulfill Heinz's orders

and, in the partial deliveries, delivered produce contaminated with foreign materials.

I agree with Del Monte that the issues in the counterclaims are whether Del Monte

fulfilled the contracts with produce that met the express and implied warranty conditions.  If Del

Monte failed to meet its obligations, the reason why is not relevant.  Federal Rule of Civil

Procedure 12(f) allows the court to strike from a pleading any "redundant, immaterial,

impertinent, or scandalous matter."  I conclude that the allegations concerning the immigration

raid are immaterial, at best, and strike them as specifically listed below.

---

[1]  The parties dispute whether Florida or Pennsylvania law applies.  Neither has noted any
differences in those jurisdictions concerning these questions.  Without deciding the issue, I will
rely on Pennsylvania law, as proposed by Heinz.

Page 3 - OPINION AND ORDER

**CONCLUSION**

Plaintiff's Motion to Strike (#15) is granted.  I strike from the First Amended Answer the affirmative defense of unclean hands; paragraphs 32, 33, and 34 in their entirety; the phrase "following the ICE raid directly and" from paragraph 36; and the phrase "and by failing to comply with federal immigration law" from paragraph 42.

IT IS SO ORDERED.

Dated this _____29th_____ day of February, 2008.


  /s/ Garr M. King
Garr M. King
United States District Judge